IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOMINIC M. ANDERSON, # 3517152 | * | |
| #228-742 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. PWG-14-216 |
| | * | |
| WARDEN AND UNKNOWN OFFICERS | * | |
| AND MEDICAL OFFICIALS, et al. | * | |
| | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendants' Motion to Dismiss for Failure to State a Claim and accompanying memorandum. Plaintiff has filed an opposition in reply and a Motion to Appoint Counsel.[1] A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the Motion will be granted and the Complaint shall be dismissed without prejudice.

### I. BACKGROUND

Plaintiff Dominic Anderson is suing Defendants for injuries he sustained after he was assaulted by fellow inmates in a prison recreation area on November 6, 2013, at the Baltimore City Detention Center. Anderson later filed a supplemental Complaint that added Warden Ricky Foxwell, Assistant Warden Casey Campbell, and Chief of Security Brown Woodrum as

---

[1] Unlike in a criminal case, there is no absolute right to counsel in civil litigation. Rather, there must exist exceptional circumstances based on a civil litigant's personal abilities and the complexity of the case to warrant the appointment of counsel. *See, e.g., Stokes v. Matteo*, No. RDB-11-3398, 2010 WL 5879131, at *3 (D. Md. Nov. 20, 2012). In this case, no such special and compelling circumstances exist. Though Plaintiff is unfamiliar with legal writing, he has demonstrated the ability to articulate his main arguments. Moreover, the issues in this case are not complicated such that counsel for the Plaintiff would aid in the decisional process. For these reasons appointment of counsel will be denied.

Defendants. (ECF No. 4).[2] As relief, he seeks damages, a "financial settlement," medical treatment of unspecified nature, and other relief as deemed appropriate. (ECF Nos. 1 and 4)

Anderson claims that he was stabbed 13 times due to the "negligence of defendant the [sic] failed to secure or supervise the inmates." (Complaint 3, ECF No. 1). He states his assailants and their weapons were never found. (Reply 1, ECF No. 11). He further asserts that "the officers had no control over the situation" and that because an elevator wasn't working he "was dragged toward the hospital by unknown officers." (Supplement 3, ECF No. 4). In his opposition, Anderson for the first time indicated that he is bringing this claim as one for failure to protect. (ECF No. 11, at 1). As relief, he request damages in varying amounts, medical care of unstated nature, and other relief as the court deems appropriate. (ECF Nos. 1, 4, and 11). For purposes of considering Defendants' motion, the Court accepts the facts that Plaintiff alleges in his Complaint as supplemented as true. *See Aziz v. Alcolac,* 658 F.3d 388, 390 (4th Cir. 2011).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo,* No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006)). In this regard, the Court is mindful of the requirement set forth in Rule 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

---

[2] Though Plaintiff lists "Unknown Medical Officials" as Defendants, he does not provide their names, allege facts to state a claim of constitutional magnitude, or provide any facts to show how the medical care he received was inadequate or caused him harm.

Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

The "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). The Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed.R.Civ.P. 8(c)); *see Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

The Court recognizes Plaintiff is proceeding pro se and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does

3

not absolve Plaintiff from pleading a plausible claim. See *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

### III. DISCUSSION

Defendants seek dismissal of the Complaint on three grounds: lack of personal involvement by Defendants, failure to state a claim of excessive force; and qualified immunity.[3]

In order to state a cause of action under 42 U.S.C. § 1983, there must be an allegation of a violation of a federal constitutional right or a right secured by federal law. In his opposition, Anderson faults Defendants for failing to record the incident or to post a guard at the observation window to observe the recreation area. (ECF 11, at 1–2). Anderson further asserts:

> Due to the lack of professionalism my life was almost taken from me and no justice has be[en] done or relief been granted. The staff of BCDC could not control the situation, they were unorganized and untrained. When they brought me out of the recreation area I was bleeding profusely, in a state of shock, losing consciousness. I was dragged through the facility. Not properly transported to the hospital. Even upon arriving at the hospital the nursing staff was unsure what to do. I was eventually transported to Johns Hopkins University Hospital. While they were taking me to the ambulance, I was wheeled down the stairs in a wheel chair.

(Reply 2, ECF No. 11). Anderson, who states that he does not know the name of the guard on post at the time of the stabbing, faults Defendants for allowing staff to rely on unspecified procedures and protocols, and claims the chain of command became "laxed." *Id.*

Vicarious liability based on respondeat superior generally is inapplicable to § 1983 actions. *See Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–99 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Liability of supervisory officials is not based on ordinary principles of respondeat superior, but rather is premised on "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative

---

[3] The Court need not reach Defendants' qualified immunity defense for reasons apparent herein.

factor in the constitutional injuries they inflict on those committed to their care." *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

To establish a claim for supervisory liability under § 1983, a claim must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Defendant's administrative responsibilities are insufficient to confer supervisory culpability.

In order to prevail on an Eighth Amendment claim of failure to protect from violence, a plaintiff must establish that prison officials exhibited deliberate or callous indifference to a specific, known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Rich v. Bruce*, 129 F.3d 336, 339–40 (4th Cir. 1997). "[E]very

injury suffered by one prisoner at the hands of another does not translate into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.

In this matter, Anderson does not allege any facts suggesting that prison officials had reason to know and then disregard that he faced an excessive risk of harm. Anderson does not allege that he brought concerns about his safety to the attention of guards, or that there were facts from which an inference of risk could be drawn. Notably, he acknowledges that prison security staff regularly conduct "shakedowns" whereby sections of the institution thoroughly are searched in a lock-down status until cleared by a special search unit, and that one had been conducted the day before Anderson was assaulted. (Reply, ECF No. 11, at 2).

In light of the above, Defendants' Motion to Dismiss will be granted, by separate Order to follow.

June 24, 2014
Date

Paul W. Grimm
United States District Judge